JONAS BYRD AND OTHERS *vs.* THOMAS R. SMALL.

An appeal does not lie from an order of the Circuit Judge granting a new trial for error of fact in the verdict of a jury.

Before an appeal from such an order will be entertained, it must be apparent that some question of law was involved which influenced the decision of the Judge.

BEFORE CARPENTER, J., AT CHARLESTON, FEBRUARY TERM, 1870.

This was an action of trespass to try title, commenced in June, 1869.

The jury found a verdict for the plaintiffs, and the defendant moved for a new trial on the Judge's minutes, on the grounds: " 1. That the verdict is against evidence. 2. That the verdict is against law."

His Honor granted the motion, and made an order as follows:

"Ordered that the verdict be set aside, and a new trial granted."

The plaintiffs appealed, and stipulated that, if the order be affirmed, judgment absolute should be rendered against the plaintiffs, and in favor of the defendant.

*Chamberlain & Seabrook*, for appellants.

*Corbin*, contra.

The opinion of the Court was delivered by

WRIGHT, A. J. In this case a verdict having been rendered for the plaintiffs, a motion was made, on the part of the defendant, to set it aside, on the ground that "it was contrary to law, as stated in the charge of the Judge, and contrary to the evidence."

The Circuit Judge " ordered that the verdict be set aside, and a new trial granted," from which order the plaintiff has appealed.

By the 288th Section of Chapter III of the Code, p. 485, the Circuit Judge, before whom a cause has been tried, may entertain a motion " to set aside a verdict, and grant a new trial, upon exceptions, or for insufficient evidence, or for excessive damages." The authority so conferred is without limit or restraint; but his judgment is subject to the correction of this Court when his order granting or refusing a new trial involves a question of law. The decrees of all Courts of final jurisdiction are, of course, conclusive.

Where they may take cognizance of questions of fact, as well as

of law, and both arise in the same case, if they find error either on the part of the Judge, or the jury, the result must be a new trial. If the question before them is confined to one of fact, the motion must turn upon the view which they take of the evidence, and in this regard they must be governed by their own sound legal discretion. Under the organization of the Courts of this State, prior to the adoption of the Constitution of 1868, the Circuit Court had no power over new trials—it was vested in a separate Court of Appeals, which entertained motions to set aside the verdict and grant a new trial, even where no complaint was made against the ruling of the law by the Judge below, and where the only error assigned was the wrong conclusion of the jury as to the facts in proof. As this Court has "appellate jurisdiction only in cases of chancery," and is constituted "a Court for the correction of errors at law," no questions of fact arising in an action at law can be determined by it. If, therefore, it does not appear that the order of the Circuit Judge granting the new trial was founded on an erroneous view of the law, we are without authority to interfere with it. No appeal can be entertained by this Court unless it is apparent that some question of law was involved which influenced the Court below in the result at which it arrived.

In other words, there must be a negation of all inference that the order below was based alone upon a consideration of, and conclusion from, the facts. In *Miller* vs. *Schuyler*, N. Y., 20, 6 Smith, 522, it was held that "upon an appeal from an order granting a new trial the judgment cannot be reversed unless the case negatives inference that the Court below may have granted the new trial because it came to a different conclusion upon the facts from that found in the original trial." See also *Morn* vs. *Liverpool and London Fire Ins. Co.*, N. Y., 35, 8 Tiff., 644; *Baldwin* vs. *Van Densen*, N. Y., 37, 10 Tiff., 487. In the case in hand, there is nothing in the record to show that the order granting a new trial was founded on some error of law, and we are therefore without power to entertain the appeal.

The motion is dismissed.

*Moses*, C. J., and *Willard*, A. J., concurred.